IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | §  Criminal No. 2:18-CR-008-D |
| VS. | § |
| | § |
| LUIS FELIPE RUIZ, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

Defendant Luis Felipe Ruiz ("Ruiz") moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, the court denies the motion.

I

Ruiz pleaded guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) &(b)(1) and 6 U.S.C. §§ 202(3)&(4) and 557. On July 10, 2018 the court sentenced him to 64 months' imprisonment to be followed by 3 years of supervised release. On March 7, 2022 Ruiz filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[1]

---

[1] On March 8, 2022 the court entered an order directing the government to file a response to Ruiz's motion and permitting Ruiz to file a reply to the government's response no later than May 3, 2022. The government filed its response on March 16, 2022. Ruiz has not filed a reply, and his motion is now ripe for a decision.

II

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[2] When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). To be clear, the court does *not* consider itself to be bound by U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

---

[2]Ruiz states that he applied for compassionate release with the Warden of his current institution, that 30 days have elapsed since the date of his submission, and that he has not yet received a response. He attaches, as an exhibit, a copy of what appears to be his December 22, 2021 request for compassionate release. Based on Ruiz's representations and supporting evidence, the court will assume *arguendo* that he has exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

- 2 -

III

The court first considers whether extraordinary and compelling reasons warrant a sentence reduction.

In support of his motion, Ruiz contends, *inter alia*, that while incarcerated at FCI McKean, he contracted COVID-19; that he "has survived one outbreak already and . . . has absolutely no desire to walk that gauntlet once more," D. Mot. 3; that there is still much that is not known about COVID-19 or the vaccine (which he has received); that it is widely known and accepted that there are now many COVID-19 variants that "have already begun to run rampant within the BOP" and that he would "not want to fall victim to these very deadly diseases," *id.*; that he fears that he may once more contract the virus if he remains subjected to his current conditions of confinement; and that he feels "mentally drained and has found it very difficult to adapt to post-Covid prison life," *id.* at 7.

In light of the court's decision below that, considering the § 3553(a) factors, Ruiz should not be released, it will assume *arguendo* that he has demonstrated extraordinary and compelling reasons that warrant a sentence reduction. *See, e.g., United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

IV

The court now considers the § 3553(a) factors. As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.).

Ruiz is currently serving a 64-month sentence for committing a serious federal offense. At the time of sentencing, he fell into criminal history category IV as a result of multiple prior adult convictions, including for sexual assault, failure to register as a sex offender, and illegal entry. Ruiz's projected release date is August 29, 2022. Although it appears that Ruiz is just months away from being released, it would still minimize the seriousness of his crime if the court reduced his sentence. And a sentence reduction would not protect the public or afford adequate deterrence to criminal conduct for the period that

Ruiz is scheduled to remain in custody. *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter alia*, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct'").

Weighing the pertinent § 3553(a) factors together, the court concludes that Ruiz is not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

\* \* \*

Accordingly, for the reasons explained, the court denies Ruiz's March 7, 2022 motion for compassionate release.

**SO ORDERED**.

May 5, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

- 5 -